UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PAUL LOEBE, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-00903-TWP-MJD |
| | ) | |
| BRIAN G. KOLFAGE, SR., | ) | |
| SCOTT KUHNEN, | ) | |
| LOGAN ELIA, | ) | |
| BRIAN G. KOLFAGE, JR. also known as | ) | |
| SENIOR AIRMAN BRIAN KOLFAGE, | ) | |
| ASHLEY KOLFAGE, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on a Motion to Dismiss filed by Defendant Logan

Elia. [Dkt. 20.]  On October 8, 2015, District Judge Tanya Walton Pratt designated the

undersigned Magistrate Judge to issue a report and recommendation pursuant to 28 U.S.C. §

636(b)(1)(B).  [Dkt. 34.]  For the reasons set forth below, the Magistrate Judge recommends

Defendant's motion be **GRANTED**. [1]

### I.    Background

This action involves numerous claims arising out of Defendants' alleged harassment and

defamation of Plaintiff through the publication of statements on various Internet websites.

Specific to Defendant Elia ("Elia") are claims for malicious prosecution and abuse of process

---

[1] The Court **GRANTS** Plaintiff's *Motion for Leave to File Sur-Reply in Support of Plaintiff's Response in Opposition to Motion to Strike*. [Dkt. 33.]  Consequently, *Defendant Logan Elia's Motion to Strike Plaintiff's Sur-Reply in Opposition to Defendant's Motion to Dismiss* is **DENIED AS MOOT**. [Dkt. 31.]

related to an action pending in the United States District Court for the District of Arizona (the "Arizona action").[2] The claims in the Arizona action are substantially similar to those presented here: various torts arising out of the defendants' internet activity. That action, however, was brought by Brian and Ashley Kolfage, who are defendants in this action. The Kolfage's brought claims against seven defendants, including Paul Loebe II, the Plaintiff in this action. The Kolfage's counsel in the Arizona action was Defendant Elia.

Elia is an Arizona resident licensed to practice law in Arizona. Plaintiff, Paul Loebe II ("Loebe"), is a resident of Indiana. Loebe bases personal jurisdiction upon alleged Internet activity by Elia, accessible by Indiana residents, and harm caused by both that activity and the Arizona action to Loebe in Indiana. Elia now moves to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## II.   <u>Legal Standard</u>

Where no federal statute authorizes nationwide service of process, personal jurisdiction is governed by the law of the forum state. Fed. R. Civ. P. 4(k)(1)(A).  In Indiana, personal jurisdiction depends on whether the requirements of the state long-arm statute are met and whether federal due process is satisfied. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 779. Because Indiana's long-arm statute, Indiana Rule of Trial Procedure 4.4(a), permits the exercise of personal jurisdiction consistent with the Due Process Clause, the plaintiff need only show that long-arm jurisdiction is constitutional.

Due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and

---

[2] *Brian Kolfage et al v. Caponecchia et al*, Case No. 2:14-cv-01638-HRH. The Arizona action settled as to Loebe, and all other defendants but one were dismissed on May 29, 2015. [Dkt. 115.] The Arizona case remains pending against Defendant Darren Remington.

substantial justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). These minimum contacts "must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co. v. Super. Ct. of Cal.,* 480 U.S. 102, 109 (1987) (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). Such purposeful availment is required to ensure that defendants may reasonably anticipate what conduct will subject them to the jurisdiction of a foreign sovereign. *Burger King,* 471 U.S. at 472.

Personal jurisdiction may be either specific or general, but only specific jurisdiction needs to be considered here. Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities. *Id.* at 472.  At issue in this case is whether the Defendant Elia "purposely directed" his conduct at Indiana.

### III.   Discussion

The allegations of unlawful conduct by Defendant Elia consists of statements published on the Internet and the prosecution of the Arizona action. Loebe asserts those actions are sufficient to support personal jurisdiction in Indiana over Arizona resident Elia. Loebe further asserts the Court has jurisdiction over Elia "by virtue of [his] participation in the Conspiracy" and because a court in the Middle District of Tennessee "found jurisdiction over the same five defendants for their participation in this same conspiracy."  [Dkt. 26 at 7.][3]

---

[3] *Gann et al v. Kolfage et al,* Case No. 3:14-cv-01609, is a nearly identical case where another defendant from the Arizona action brought claims against the Defendants in this action. The Tennessee action was administratively closed on July 20, 2015 under the first-to-file doctrine in favor of the Arizona action. [Dkt. 97.]  Tennessee Plaintiff Darren Remington is the sole remaining defendant in the Arizona action.

Loebe's allegations of defamatory Internet activity by Elia are vague at best and linked to the prosecution of the Arizona action. Loebe asserts Elia used the Arizona action as a campaign of "harassment, intimidation and defamation" by promulgating media coverage that was negative to Loebe. [Complaint at ¶¶ 69-71.]  The Court understands Loebe's argument to be that because these actions were taken against Loebe, an Indiana resident, they are sufficient to support personal jurisdiction in Indiana. But these facts are far from enough. The "mere fact that [defendant's] conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden v. Fiore,* 134 S. Ct. 1115, 1126 (2014). Interestingly, while Loebe asserts he currently is an Indiana resident, he has a Nashville, Tennessee address in the Arizona action. Regardless of Loebe's residency, however, he has asserted no facts that support the notion that Elia "purposely directed" any activity toward Indiana.

Loebe's conspiracy argument likewise fails. It is true that under a conspiracy theory of personal jurisdiction, a court may assert jurisdiction over all of the co-conspirators, both resident and non-resident, based on their involvement in a conspiracy that occurred in the forum state. *See United Phosphorus, Ltd., et al, v. Angus Chemical Co*., 43 F. Supp.2d 904, 912 (N.D. Ill. 1999).  However, Loebe still has not shown *any* acts were directed toward Indiana, let alone a conspiracy.

Loebe's general assertion that jurisdiction should be found in this Court because a district court in the Middle District of Tennessee found jurisdiction over the same defendants is also without merit. That court's jurisdictional finding is not binding upon this Court.  Additionally, the Tennessee court's order provided no analysis supporting its jurisdictional finding that could be used to support a similar finding here. Vague allegations of harassment and defamation toward an Indiana resident do not satisfy Loebe's burden to establish Elia had sufficient

minimum contacts with Indiana so to comport with "traditional notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 316.

**IV.**    <u>**Conclusion**</u>

Based on the foregoing, Defendant Elia lacks the necessary minimum contacts with Indiana to support personal jurisdiction. Therefore, the Magistrate Judge recommends that the Defendant Elia's *Motion to Dismiss* be **GRANTED**. [Dkt. 20]  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

The Court also **GRANTS** Plaintiff's *Motion for Leave to File Sur-Reply in Support of Plaintiff's Response in Opposition to Motion to Strike.* [Dkt. 33.]  Consequently, *Defendant Logan Elia's Motion to Strike Plaintiff's Sur-Reply in Opposition to Defendant's Motion to Dismiss* is **DENIED AS MOOT**. [Dkt. 31.]

Dated:  27 OCT 2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

SCOTT  KUHNEN
412 Colden Pold Road
Ellerbe, NC 28338

PAUL  LOEBE, II
P.O. Box 744
Anderson, IN 46015

BRIAN G. KOLFAGE, SR.
.24706 Michigan Avenue
Dearborn, MI 48124

Louis J. Britton
KIGHTLINGER & GRAY
lbritton@k-glaw.com

Michael E. Brown
KIGHTLINGER & GRAY
mbrown@k-glaw.com